UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RHONDA K. WILCOX,  :
       Plaintiff,  :  NO. 1:08-CV-00109
   v.  :
        :  **OPINION AND ORDER**
COMMISSIONER OF SOCIAL,  :
SECURITY,  :
       Defendant.  :

This matter is before the Court on the Magistrate Judge's March 24, 2009 Report and Recommendation (doc. 13), Plaintiff's Objections (doc. 14), and Defendant's Response (doc. 15). For the reasons indicated herein, the Court REVERSES the Magistrate Judge's Report and Recommendation, FINDS Plaintiff entitled to disability insurance benefits and supplemental security income, and AWARDS Plaintiff such benefits and income.

**I. Background**

Plaintiff filed applications for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"), on January 24, 2002, claiming a back impairment and various mental conditions with an onset date of July 1, 1999. After her applications were denied, she requested a hearing before an administrative law judge ("ALJ"), who rejected her applications on January 9, 2004. Plaintiff then appealed to this Court, which ultimately remanded the matter for reevaluation of the weight

afforded to Plaintiff's treating physician (doc. 10, Case No. 1:05-CV-00296).  While Plaintiff's civil action was pending, she filed the instant application for SSI, also alleging disability beginning on July 1, 1999 (doc. 1).  On October 26, 2007, the ALJ issued twin decisions in both this case, and in the case on remand, again denying benefits.  The ALJ found that Plaintiff has the severe impairments of lumbar degenerative disc disease with moderate obesity, a generalized anxiety disorder, and recurrent major depression, but that she did not have an impairment meeting or equal to the Listings (doc. 13).  The ALJ defined Plaintiff's residual functional capacity ("RFC") as follows:

> The claimant lacks the residual functional capacity to: (1) lift more than 10 pounds frequently or 20 pounds occasionally; (2) stand or walk for more than 30 minutes at a time or more than six hours per day; (3) crawl, crouch, stoop, kneel, or climb stairs more than occasionally; (4) climb ladders or scaffolds; (5) work at unprotected heights or around moving machinery; (6) have any interpersonal contact with members of the general public; (7) have greater than occasional contact with co-workers or supervisors; (8) perform other than simple, repetitive tasks; or (9) do other than low stress work activity (i.e., no jobs involving fixed production quotas or otherwise involving above average pressure for production, work that is other than routine in nature, or work that is hazardous.

(Id.).  The ALJ found Plaintiff unable to perform her past work as an insulation worker or construction worker, but nonetheless found that there were a significant number of jobs in the economy that Plaintiff was capable of performing (Id.).

The Magistrate Judge reviewed the ALJ's reasoning and

2

conclusion, and ultimately determined that his decision was supported by substantial evidence (Id.). The Magistrate Judge therefore recommended that the ALJ's decision be affirmed and this case be dismissed from the Court's docket (Id.). Plaintiff filed her objections to the Magistrate Judge's Report and Recommendation (doc. 14), and the Commissioner filed his Response (doc. 15), such that this matter is ripe for the Court's consideration. The Court's function in reviewing the Commissioner's determination is limited by 42 U.S.C. § 405(g), and as such, the Court must determine whether the record as a whole contains substantial evidence to support the Commissioner's decision (Id.). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).

**II. The Magistrate Judge's Report and Recommendation**

In his Report and Recommendation, the Magistrate Judge reviewed the facts and the law, and then proceeded to address each of Plaintiff's six assignments of error (doc. 13). The Magistrate Judge rejected Plaintiff's first contention, that the ALJ failed to properly weigh the opinion of her treating physician, Dr. Dornan (Id.). The Magistrate Judge found the ALJ provided sufficient information to show that he weighed all of the medical source opinions, as the regulations required (Id.). Specifically as to the opinion of Dr. Dornan, the Magistrate Judge found such opinion

3

to be consistent with a limited range of light work, so that the ALJ's conclusion was supported by substantial evidence (Id.).

As for Plaintiff's second contention, that the ALJ erred by giving more weight to the opinions of the non-examining state agency physicians than to Plaintiff's treating physician, the Magistrate Judge found the ALJ properly applied the "specialization" factor permitted under 20 C.F.R. § 404.1527(d)(5) and § 416.927(d)(3) (Id.). Next, the Magistrate Judge rejected Plaintiff's third argument, that the ALJ failed to properly weigh the opinion of the treating psychiatrist, Dr. Hackett (Id.). The Magistrate Judge concluded that Dr. Hackett never opined Plaintiff was disabled by her alleged mental impairments, nor did he provide a record of objective findings showing a deterioration in Plaintiff's mental state since 2002, at which time he had stated Plaintiff was employable (Id.). Morevover, the Magistrate Judge reviewed the opinions of the reviewing mental health experts and the consulting psychologist, and found the ALJ's conclusion consistent with such opinions (Id.).

The Magistrate Judge further rejected Plaintiff's next contention, that the ALJ erred when he failed to explain how he arrived at his mental RFC after 2003 (Id.). The Magistrate Judge found the ALJ's RFC supported by the opinion of Dr. Dornan, who stated Plaintiff is able to perform low stress work (Id.).

In her fifth assignment of error, Plaintiff contends the

4

ALJ erred in his credibility assessment rejecting her testimony about the severity of her impairments (Id.). The Magistrate Judge disagreed, concluding that substantial evidence, including the fact that Plaintiff is capable of shopping, driving, and light household chores, shows the ALJ's assessment supported by substantial evidence (Id.).

In her final assignment of error, Plaintiff contends the ALJ erred in his hypothetical question to the vocational expert ("VE"), in failing to include functional limitations from her panic disorder with the agoraphobia, problems leaving the house daily, and considerations as to her individual stresses (Id.). The Magistrate Judge concluded that nothing in the medical record required more limitations than those found by the ALJ (Id.).

In conclusion, the Magistrate Judge found the ALJ's decision to deny benefits supported by substantial evidence (Id.). Accordingly, the Magistrate Judge recommended that such decision be affirmed and the Court dismiss this case from the docket (Id.).

**III. Plaintiff's Objections and Defendant's Response**

Plaintiff's first objection is grounded in the theory that the ALJ erred again in according more weight to the examining physicians than to the treating physicians, as the opinions of the treating physicians are supported (doc. 14). Specifically, Plaintiff objects that her treating physician Dr. Dornan's opinion was that she could sit to work but could only stand for one hour,

a limitation that would disable her under grid Rule 201.14 at age fifty (Id.).

Next, Plaintiff objects that the Magistrate Judge failed to note that her nervous and mental impairments became worse after 2002 and 2003 (Id.). Plaintiff indicates in 2006 she suffered from post-traumatic stress disorder ("PTSD") panic attacks that impeded her from driving, as well as suffering from decreased energy and having trouble concentrating to read (Id.).

Finally, Plaintiff argues the ALJ's hypothetical question to the VE was too general, and failed to include "the severe restrictions on dealing with co-workers and supervisors and the moderate to severe limitations on dealing with stress on a job," and "the effects of the PTSD with problems driving due to panic and anxiety attacks" (Id.).

The Commissioner responds that Plaintiff's objections are mere restatements of arguments from previous court submissions, fail to specifically identify factual or legal issues of contention, and therefore do not amount to valid objections (doc. 15, citing Howard v. Sec. Of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991). The Commissioner then offers a detailed survey of the medical opinions in the case, the Magistrate Judge's analysis, and argues the ALJ's supported his decision with substantial evidence (Id.).

**IV. Discussion**

Having reviewed this matter, for the second time, the Court finds the Commissioner has ultimately failed to proffer substantial evidence that Plaintiff has the vocational qualifications for specific jobs in the national economy. The ALJ's hypothetical question, although including many of Plaintiff's limitations, failed to comprehensively describe her situation in all significant, relevant respects. "[F]or a response to a hypothetical question to constitute substantial evidence, each element of the hypothetical must accurately describe the claimant." Felisky v. Bowen, 35 F.3d 1027, 1036 (6th Cir. 1994).

The ALJ's question, as recounted in the transcript, is as follows:

> Assume someone with the age, education and work history of this Claimant, what jobs would be available in the regional economy at the light or sedentary level that an individual with the following limitations could do, and how many would be available of each? Lifting consistent with light work; standing and walking limited to 30 minutes at a time and six hours total in a workday; crawling, crouching, stooping, kneeling and climbing stairs are limited to occasional; no climbing of ladders or scaffolds; no work at unprotected heights or around moving machinery; no contact with the public; occasional contact only with supervisors and co-workers; and limited to simple, repetitive tasks that are low stress in nature [meaning]. . . jobs that do not involve fixed production quotas or otherwise involve above-average pressure for production; work that is other than routine in nature or work that is hazardous.

(Tr. 898). In response, the VE opined there were approximately 18,000 positions available, including that of mail clerk, photocopy

machine operator, small parts assembler, dental inspector, microfilm document preparer, and type copy examiner (Id. at 899).

The Court notes that the hypothetical question does not omit the fact that Plaintiff has limitations in interaction with the public, supervisors, and co-workers, but in the Court's view, the question fails to adequately convey the depth of such limitations. The 2006 evaluation by Dr. Leisgang indicates that Plaintiff's mental ability to relate to others is moderately to seriously impaired by her emotional difficulties. The Court sees such evaluation to indicate that at times Plaintiff is seriously impaired, and such impairment is inconsistent with even occasional contact with supervisors and co-workers. Dr. Leisgang's evaluation notes "avoidant behavior," and that Plaintiff has "little contact with anyone other than family" (Tr. at 865). It further states that Plaintiff "very likely may have difficulty relating adequately to others in completing simple, repetitive tasks." (Id.). The evaluation further notes impairment with concentration, understanding, remembering, and following simple instructions (Id.). Finally, it notes Plaintiff's PTSD and panic attacks, limitations completely omitted from the ALJ's hypothetical (Id.).

Having thus concluded that the ALJ's question failed to accurately describe the depth of Plaintiff's mental impairment, the Court finds the VE's response unsupported by substantial evidence. Under such circumstances, the Court finds, having already remanded

8

this matter one time, that any further delay would not serve the interests of justice. Rather, the Court finds appropriate, where the proof of disability is strong and the evidence to the contrary is lacking, an immediate award of benefits to Plaintiff. Faucher v. Secretary, 17 F. 3d 171, 176 (6th Cir. 1994). In such a case as this, "it is well to bear in mind" that, "[t]he Social Security Act is a remedial statute that must be 'liberally applied.'" Cohen v. Secretary of Health and Human Servs., 964 F. 2d 524, 531 (6th Cir. 1992).

Proper notice was provided to the Parties under Title 28 U.S.C. § 636(b)(1)(c), including the notice that they would waive further appeal if they failed to file an objection to the Magistrate Judge's Report and Recommendation in a timely manner. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court concludes that the Magistrate Judge's findings as to the validity of the VE's hypothetical question, as outlined in his Report and Recommendation, are incorrect. The Court therefore SUSTAINS Plaintiff's Objections as to the VE's hypothetical question (doc. 14), REJECTS the Magistrate Judge's Recommended Decision (doc. 13), REVERSES the decision of the Commissioner as not supported by substantial evidence, AWARDS Plaintiff disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"),

and ENTERS final judgment in favor of the Claimant.

SO ORDERED.


Date: May 26, 2009        /s/ S. Arthur Spiegel
                          S. Arthur Spiegel
                          United States Senior District Judge