```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| RHONDA WILCOX, | : | NO. 1:08-CV-00109 |
| Plaintiff, | : |  |
| vs. | : | **OPINION AND ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | : |  |
| Defendant. | : |  |

This matter is before the Court on Plaintiff's Attorney's Motion for Attorney's Fees Under Social Security Act, 42 U.S.C. § 406(b) (doc. 21). Defendant filed no objection.

Plaintiff's Counsel seeks $14,083.75, or twenty-five percent of the past due disability and Supplemental Security Income ("SSI") benefits awarded to Plaintiff (doc. 21). In support of this motion, Plaintiff's counsel has submitted an itemized fee statement of hours spent on this case, a copy of the contingent fee agreement between Plaintiff and counsel, and copies of two Notices of Award from the Social Security Administration documenting the amount of award set aside for past due benefits of $9,839.50, and SSI benefits of $16,977.67 (Id.).

Fee awards in actions for past due Social Security benefits are governed by 42 U.S.C. 406(b), which limits fee awards to a reasonable amount not in excess of twenty-five percent of the past due award. Contingent fee arrangements under this section

must be reviewed by courts to ensure that they are reasonable under the circumstances of the case. <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789 (2002). The court may, for example, look to the character of the representation, the results achieved, and whether the fee would represent a "windfall" for the attorney. <u>Id.</u>

In the Memorandum, Plaintiff's counsel has detailed the course of this litigation and his efforts in securing its outcome (doc. 21). Counsel's requested fee is less than two times the average hourly rate for an attorney of his experience in the downtown Cincinnati area, and this does not represent a windfall. <u>Hayes v. Secretary</u>, 923 F.2d 418, 422 (6th Cir. 1990)(an hourly rate which is twice the attorney's hourly rate is not a windfall because attorneys win about half the social security cases filed in the federal courts). Here, the record shows the contingency arrangement between Plaintiff and her Counsel provided that Counsel should be entitled to twenty-five percent of her award. Twenty-five percent of Plaintiff's past-due benefits amounts to $9,839.50, while twenty-five percent of Plaintiff's SSI benefits of $16,977.67 amounts to $4,244.41. Taken together, the contingency fee amounts therefore to $9,839.50 plus $4,244.41, which totals $14,083.91.

Having reviewed Plaintiff's unopposed motion and attached memorandum (doc. 21), the Court is persuaded the requested award is reasonable and satisfies the requirements of 42 U.S.C. 406(b). Accordingly the Court GRANTS Plaintiff's Motion for Attorney Fees

2

(doc. 21), and AWARDS $14,083.91 in attorney's fees.

SO ORDERED.

Dated: June 29, 2010  /s/ S. Arthur Spiegel

S. Arthur Spiegel
United States Senior District Judge